(1" from top of page, and centered,
begin title of Court)

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

Case No. _____ – Civ (Judge's Last Name/Magistrate's Last Name)

(Full Name of Plaintiff/s), **Benzo Rudnikas**

Plaintiff (s)

vs.

(Full Name of Defendant/s), **Nova Southeastern University, Inc.**

Defendant(s).
_____/

FILED BY _____ D.C.
DEC 13 2019
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

## COMPLAINT

I, **Benzo Rudnikas**, plaintiff, in the above styled cause, sue defendant(s): **Nova Southeastern University, Inc.**

This action is filed under (indicate under which federal law or section of the U.S. Constitution this action is being filed): **Section 504 of the ADA**

Dated: Month, day, year

**12/13/19**

Respectfully submitted,

**Benzo Rudnikas**
Name of Filer
Attorney Bar Number (if aplicable)
Attorney E-mail Address (if applicable)
Firm Name (if applicable)
Street Address: **2431 SW 63rd Ave**
City, State, Zip Code: **Miami, FL 33155**
Telephone: **(305) 213-9889**
Facsimile: (xxx)xxx–xxxx
Attorneys for Plaintiff/Defendant [Party Name(s)]
(if applicable)

## Certificate of Service

**I hereby certify** that a true and correct copy of the foregoing was served by [specify method of service] on [date] on all counsel or parties of record on the Service List below.

_____
Signature of Filer

## SERVICE LIST

Party or Attorney Name
Attorney E–mail Address (if applicable)
Firm Name (if applicable)
Street Address
City, State, Zip Code
Telephone: (xxx)xxx–xxxx
Facsimile: (xxx)xxx–xxxx
Attorneys for Plaintiff/Defendant
[Party's Name(s)] (if applicable)

Party or Attorney Name
Attorney E–mail Address (if applicable)
Firm Name (if applicable)
Street Address
City, State, Zip Code
Telephone: (xxx)xxx–xxxx
Facsimile: (xxx)xxx–xxxx
Attorneys for Plaintiff/Defendant
[Party's Name(s)] (if applicable)

# **PRO SE COMPLAINT & EMERGENCY REQUEST FOR TEMPORARY INJUCTION**

## Count One

I, Benzo Rudnikas, the Plaintiff, allege the following:

1) I am a 24 year old male and a 1st year law student in Nova Southeastern Uniersity's part time evening program.

2) I am covered under Section 504 of the Americans with Disabilites Act.

3) Due to my disability, since middle school, I have received reasonable academic accommodations by every academic institution I have attended. These reasonable accommodations include extra time on assignments, double time on examinations, the taperecording of class lectures and/or a designated notetaker, a minimum distracting classroom, and the use of a computer to type exams when necessary.

4) The Disabilities Resource Center for Nova Southeastern University approved the double time accommodation unofficially on 11/25 and officially on 11/27.

5) Despite this approval, on 12/3/19, Nova Southeastern University College of Law administered my contracts final exam without the accommodation of double time and without the accommodation of being able to type the exam.

6) It was not necessary for me to request the accommodation of a computer to type the exam because that it is an accommodation that is given by the law school to all students regardless if they have a disability or not.

7) To justify not giving me the accommodation of typing the exam, Nova Southeastern University College of Law, claims that I was having issues with exemplify, the software used to take the exam.

8) The university further alleges, in support of that justification, that it's policy is for students to switch to a bluebook and to handwrite the exam when experiencing any technical issue with their computer or software.

9) However, that is a policy that mainly applies to students who are not Section 504 accommodated and who have technical issues with the software or their computer once the exam **has started.** In my case, my exam had not started yet nor was I even in a classroom yet. Further, I was not having an issue with the exam software. I just had a question regarding the log in credentials for the software. However, the school administrator was not interested in in any question I had. The school administrator, in a tone of someone who is annoyed and pressed for time, came out of her office when I requested assistance from her secretary and told me " What's the problem? You know

what? At this point, you need to take your exam. So you're just going to have to handwrite it."

If the Court appoints a third party computer expert to do an audit of my computer and issues a subpoena of the camera footage in the Nova Law Student Services office on December 3rd, they will be able to confirm same. Further, a reasonable person in the school administrator's position would have simply answered my question regarding log in credentials or rescheduled my exam if they were that pressed for time.

10) To justify not providing me with double time, the university alleges that it did not have time to process and implement my accommodation due to how late in the semester my accommodations were approved.

11) However, my double time accommodations were approved before my exam was even scheduled and the accommodation is one that is not that difficult nor takes much time to implement. In fact, when I initially reached out to the Dean of the Law School regarding this incident, the Dean, in an effort to mitigate any further damage, was able to ensure that I receive the double time accommodation for my upcoming Torts examination the same day I reached out to him. This is evidence that the accommodation can be implemented within the same day or at the very least, within the same week.

12) Further, as another justification, the university alleges that I was significantly late for my exam and that they made an exception for me despite my latenesss. In response, I disagree. I made an exception for the university due to the lack of adequate notice. The University provided me with notice of the exam at 6 pm on December 2nd that the exam would be December 3rd at 9 am. The University is well aware that I am enrolled in the part time evening program. A program geared towards full time working professionals. Professionals who need to notify their employers ( to whom they also owe an obligation) in advance whenever need to take a day off. The University could have easily provided adequate notice and scheduled the exam on another day within the University's examination period. The last day to take an exam within the University's examination period is December 14th. Further, every other part time evening student receives the benefit of not having their work schedule interrupted to take the exam. The University could have easily provided me this benefit, but chose not to.

## Count II

13) In addition to Nova's failure to comply with Section 504 of the ADA in its administration of my contracts exam, Nova also failed to comply with Section 504 of the ADA when it did not provide me with the reasonable accommodation of extra time on assignments.

14) Extra time on assignments is a reasonable accommodation that would not fundamentally alter the academic requirements of Nova Law School's J.D. program

because it is an accommodation that is provided by FIU Law School, a law school with more rigorous academic standards, to their law students with disabilities.

"These courts have applied a general principle from the ADA case law that an institution will bear " a particularly heavy burden" in establishing an accommodation is unreasonable where other institutions have provided accommodation for the same deficit without significant issue." *Citing Am. Council of the Blind v. Paulson, 525 F.3d 1256, 1272 (D.C.Cir.2008).*

15) Throughout the months of September and October, I sent multiple emails to the appropriate school officials requesting the accommodation of extra time on assignments. I went to great lengths to explain how the accommodation works, that I have received the accommodation in the past, and that the accommodation is provided at FIU Law to their students with disabilities.

15) The appropriate school administrator's would either not respond or respond to my email, but not address the accommodation of extra time on assignments.

16) I did not receive an answer to my accommodation of extra time on assignments until October 30th, 2019 when I met with the school administrator in person.

17) The school administrator advised that it was not willing to consider the accommodation. Specifically, she told me " No. You only get accommodations for exams that are scheduled. Anything like a paper, you don't receive extra time for." I then responded by explaining to her that I have documentation from my physician explaining why I need the accommodation, that I received the accommodation in undergrad at FIU, and that FIU law provides that accommodation to it's law students." In response, the school administrator told me "Doesn't matter and you signed a contract. A contract that you accept whatever accommodations we give you."

18) What's ironic about the school administrator telling me this is that she is referring to the piece of paper I signed at my intake appointment in September. At this appointment and as I was signing the paper, I specifically asked the intake person " Ok and what about extra time on assignments?" And the intake coordinator told me " For any extra time on assignments, you need to speak with (the name of the school administrator who told me I signed a contract).

19) Any reasonable person in the position of the school administrator would have just told me in the emails I exchanged with them that they were not willing to consider the accommodation instead of just leading me on for weeks making me think I was going to receive the reasonable accommodation I have gotten for years.

20) As a result, I did not receive the accommodation for memo # 1 in my legal writing class. The memo was due on October 28th at 6pm. The instructor's policy is that for students in general, who are seeking an extension, need to email the professor before the assignment deadline and show good cause as to why the request should be granted. A generous policy for non-accommodated students.

21) But that is not the accommodation I was seeking, the accommodation I was seeking was the one provided by FIU law to its students with disabilities that I went to great lengths to explain in my emails and at one point, even had the head of the disabilities resource center at FIU offer to explain how the accommodation works.

22) But since I did not receive an answer yet from Nova as to my accommodation, on October 27, I emailed my professor asking him for an extension through his syllabus policy. I told him my good cause was my disability.

23) I did not receive a response to my request. I interpreted his silence to mean that that he was not going to grant my request and that he was not going to accept the assignment. Nine days later, the Professor approached me at the end of class which is 10:15 pm. I spoke with him briefly and explained to him the difficulty I was having with the school administrator regarding my accommodation and that she denied my accommodation when I met with her the week before even though theirs case law that says it's a reasonable accommodation and that FIU law provides the accommodation. The Professor understood and provided me with an extension until 6 pm the next day.

24) However, due to the fact that I thought my legal writing grade was going to drop two letter grades since the assignment was 25% of my grade, I was traumatized and had not slept for days. As a result, when Professor Lewis approached me eight days later, my brain was fried and the next day, I turned in a very poor paper. That paper did not even deserve the 50% that I received.

25) Had the school granted me this accommodation, I would have had a fresh brain and turned in a much better paper on whatever extended deadline the professor would have given.

26) Extra time on assignments is an accommodation that I have been receiving for years and it is an accommodation that FIU' Law School provides to its students with disabilities.

27) Jose Bengochea, M.D., will be my key witness with regards to my disability being covered under Section 504. I can provide the Court with his affidavit later on.

28) Stephen Loynaz, the head of the Disabilities Resource Center at FIU and the liaison between the FIU Disabilities Resource Center and the FIU College of Law, will be my key witness regarding the reasonableness of my accommodation. I can provide the Court with his affidavit later on.

29) I can also provide the Court with the emails that are referenced here later on.

29) Because of what has transpired, I am requesting that that the Court enter an order permitting me to retake the exam this semester, or in the alternative, receive a grade of incomplete and retake the exam next semester once the Court has a chance to review and conduct a thorough analysis. In addition, I am requesting that the Court enter an order compelling that Nova Law provide me with the same accommodation of extra time

on assignments that FIU Law provides to it's students with disabilities. Further, I am requesting that the Court enter an order mandating that any decisions by the Nova Law Administration as to my scholarship, financial aid, or academic dismissal not be made until after the spring semester.

28) But due to the nature of the ADA, I am requesting that the Court immediately enter an emergency temporary injunction prohibiting the University from inputting my final grades. I'm afraid that if the Court does not issue this emergency temporary injunction, I will encounter a procedural issue later on and that my complaint may be deemed as moot with no possible relief since Title II of the ADA does not allow a student to recover damages, only injunctive relief. Further, Nova Law will not be prejudiced by this request because if the Court rules in Defendant's favor later on, Defendant will be still be able to input the original grades it intended to put which have yet to be released.

I, Benzo Rudnikas, hereby certify that the above statements are true and correct.