UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 19-25148-CIV-MARTINEZ/AOR

BENZO RUDNIKAS,

    Plaintiff,

v.

NOVA SOUTHEASTERN UNIVERSITY, INC.,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

THIS CAUSE came before the Court upon Defendant Nova Southeastern University, Inc.'s ("NSU" or "Defendant") Motion for Sanctions [D.E. 53]. This matter was referred to the undersigned pursuant to 28 U.S.C. § 636 by the Honorable Jose E. Martinez, United States District Judge [D.E. 8]. The undersigned held a hearing on this matter on November 5, 2020, at which Plaintiff was represented by counsel (hereafter, "November 5, 2020 Hearing") [D.E. 84]. For the reasons stated below, the undersigned respectfully recommends that Defendant's Motion for Sanctions be DENIED.

## PROCEDURAL AND FACTUAL BACKGROUND

Plaintiff Benzo Rudnikas ("Rudnikas" or "Plaintiff"), an NSU law student, commenced this action *pro se* against NSU for alleged violations of the Americans with Disabilities Act on December 13, 2019. See Pro Se Complaint & Emergency Request for Temporary Injunction (hereafter, "Complaint") [D.E. 1].

On January 27, 2020, NSU filed a Motion to Dismiss Rudnikas' Complaint for failure to state a claim upon which relief could be granted. See NSU's Motion to Dismiss [D.E. 12].

On March 18, 2020, the undersigned held a telephonic hearing on NSU's Motion to

Dismiss at which the undersigned admonished Rudnikas for making personal attacks against NSU's counsel during the hearing [D.E. 24], see [D.E. 35 at 3–4]. Following that hearing, the undersigned granted NSU's Motion to Dismiss without prejudice and instructed Rudnikas to file an Amended Complaint within 30 days. See March 18, 2020 Order [D.E. 25].

On April 23, 2020, the Court instructed Rudnikas to show cause why he had not filed an amended complaint within the allowable time prescribed by the undersigned's March 18, 2020 Order. See Order to Show Cause [D.E. 29]. On April 24, 2020, Rudnikas filed a Motion for Leave requesting permission from the Court to file the Proposed Amended Complaint attached as an exhibit thereto. See Motion for Leave [D.E. 30]; Proposed Amended Complaint [D.E. 30-1]. On April 27, 2020, the Court granted Rudnikas' Motion for Leave and instructed him to file his Proposed Amended Complaint separately [D.E. 32]. On April 28, 2020, Rudnikas filed his Amended Complaint [D.E. 34]. Also on that day, Rudnikas filed a response to the Court's Order to Show Cause wherein he explained that his noncompliance with the undersigned's March 18, 2020 Order was due in part to alleged misrepresentations made by counsel for NSU during the hearing on its Motion to Dismiss. See Rudnikas' Response to Order to Show Cause (hereafter, "Show Cause Response") [D.E. 35 at 3–5].

On May 6, 2020, NSU filed a Motion to Strike Rudnikas' Show Cause Response (hereafter, "Motion to Strike") arguing that his Show Cause Response should be stricken because he "improperly utilize[d] his audience with the Court for the purpose of launching personal attacks on NSU's counsel." See Motion to Strike [D.E. 38 ¶¶ 15, 16]. NSU also requested that the Court "direct Plaintiff to refrain from engaging in any further personal attacks against NSU or NSU's counsel." Id. at 5.

On May 8, 2020, the Court denied NSU's Motion to Strike for failing to meet and confer

2

with Rudnikas as required by S.D. Fla. L. R. 7.1(a)(3), but cautioned Rudnikas "against inserting unnecessary and improper personal attacks under the guise of following a Court order. Such future filings will be struck and may result in sanctions." See May 8, 2020 Order [D.E. 39].

On June 25, 2020, NSU served on Rudnikas its First Request for Production of Documents (hereafter, "First Request for Production") [D.E. 53-1 at 1–9].

On August 4, 2020, Plaintiff sent a four-page email to NSU administrators (hereafter, "August 4, 2020 Email") accusing NSU and/or its counsel of, *inter alia*:

- Continuing to act in bad faith;
- Perpetuating 20 years of fraud upon the Court;
- Having ulterior motives and harassing Rudnikas;
- Trying to ruin Rudnikas' presentations to the Court;
- Abusing the judicial process;
- Knowingly lying to the Court and "ma[king] up facts out of thin air";
- Being unethical;
- Conspiring to "commit fraudulent misrepresentation" against Plaintiff;
- Trying and "ruin" Rudnikas' "trial rights" and his prospective legal career; and
- Trying to intimidate Rudnikas' witness to deter him from testifying on Rudnikas' behalf.

See August 4, 2020 Email [D.E 53-1 at 10–13].

On August 11, 2020, the undersigned held a discovery hearing on Rudnikas' failure to timely respond to NSU's First Request for Production, at which the undersigned ruled that Rudnikas was to serve his response to same within 20 days [D.E. 51]. See Notice of Hearing [D.E. 49]; August 11, 2020 Order [D.E. 52]. Later that day, counsel for NSU emailed Rudnikas (hereafter, "August 11, 2020 Email Exchange") to advise him that his deposition scheduled for

August 13, 2020 would need to be rescheduled due to his failure to timely respond to NSU's First Request for Production and inquired as to his availability for the week of September 14, 2020. See August 11, 2020 Email Exchange [D.E. 53-1 at 14].  Rudnikas responded by stating: "I don't think we are going to get to my deposition.  You'll see why on Monday." Id.

On August 20, 2020, Rudnikas sent an email (hereafter, "August 20, 2020 Email") to non-parties which NSU intended serve with subpoenas for records, advising them that, *inter alia*:

- He would be moving to disqualify counsel for NSU in this action and adding them as defendants for claims of "third party legal malpractice and fraud";

- Counsel for NSU "chose to exploit the disabled for monetary gain"; and

- It would be in the non-parties' "best interest to refrain from contacting [counsel for NSU] until the Court rules on the motion I am going to file."

See August 20, 2020 Email [D.E. 53-1 at 20].  Also on August 20, 2020, NSU filed the Motion for Sanctions requesting that the Court use its inherent powers to sanction Rudnikas for his bad faith conduct, which consists of: "lac[ing] his court filings and oral representations to the Court with unnecessary and baseless allegations directed at NSU's . . . counsel"; continued threats and harassment of NSU's counsel despite "verbal and written admonitions and warnings to cease"; "repeating these libelous allegations to third parties"; "refus[ing] to participate in discovery"; "interfer[ing] with NSU's attempts to conduct relevant discovery"; and "inappropriate personal attacks directed toward [NSU's] counsel . . . ." See Motion for Sanctions [D.E. 53 at 6].  Rudnikas did not file a response to the Motion for Sanctions.

On October 16, 2020, Nathan Soowal, Esq. ("Attorney Soowal") filed his Notice of Appearance on Rudnikas' behalf in this matter. See Notice of Appearance [D.E. 79]. Attorney Soowal has represented Rudnikas in this matter since that time, including at the November 5, 2020 Hearing.

**DISCUSSION**

"Courts have the inherent power to police those appearing before them[,]" including *pro se* litigants. Purchasing Power, LLC v. Bluestem Brands, Inc., 851 F.3d 1218, 1223 (11th Cir. 2017) (citing Chambers v. NASCO, Inc., 501 U.S. 32, 45 (1991)); Campbell v. Jones, No. 98-CV-02088, 2017 WL 8751916, at *3 (S.D. Fla. 2017) ("A district court has the jurisdiction to protect itself against abuses by *pro se* litigants.") (citing Procup v. Strickland, 792 F.2d 1069, 1073 (11th Cir. 1986)). "These powers are 'governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" Chambers, 501 U.S. at 43 (quoting Link v. Wabash R. Co., 370 U.S. 626, 631 (1962)). "This power 'must be exercised with restraint and discretion' and used 'to fashion an appropriate sanction for conduct which abuses the judicial process.'" Purchasing Power, LLC, 851 F.3d at 1223 (quoting Chambers, 501 U.S. at 44).

"A court may exercise this power 'to sanction the willful disobedience of a court order, and to sanction a party who has acted in bad faith, vexatiously, wantonly, or for oppressive reasons.'" Purchasing Power, LLC, 851 F.3d at 1223 (quoting Marx v. Gen. Revenue Corp., 568 U.S. 371, 382 (2013)). "The key to unlocking a court's inherent power is a finding of bad faith." Purchasing Power, LLC, 851 F.3d at 1223 (citing Sciarretta v. Lincoln Nat. Life Ins. Co., 778 F.3d 1205, 1212 (11th Cir. 2015)). "This standard can be met either (1) with direct evidence of the attorney's subjective bad faith or (2) with evidence of conduct 'so egregious that it could only be committed in bad faith.'" Hyde v. Irish, 962 F.3d 1306, 1310 (11th Cir. 2020) (citing Purchasing Power, LLC, 851 F.3d at 1224–25). "[R]ecklessness alone does not constitute conduct tantamount to bad faith." Purchasing Power, LLC, 851 F.3d at 1223.

Here, the actions cited in support of the Motion for Sanctions were committed by Rudnikas

while proceeding *pro se*. Now that Rudnikas is represented by counsel in this matter, the undersigned finds that sanctioning him for his past conduct would not advance the court's objective of achieving an orderly and expeditious disposition of this case. Chambers, 501 U.S. at 43. Therefore, the undersigned recommends that the Court exercise its discretion and restraint and decline to use its inherent powers to sanction Rudnikas for his *pro se* conduct, which has now been forestalled by Attorney Soowal's representation. Nevertheless, the undersigned cautions Rudnikas through his current counsel that similar conduct will not be tolerated should he revert to *pro se* status in the future.

## RECOMMENDATION

Based on the foregoing considerations, the undersigned **RESPECTFULLY RECOMMENDS** that Defendant's Motion for Sanctions [D.E. 53] be **DENIED**.

Pursuant to Local Magistrate Judge Rule 4(b), the parties have **fourteen days** from the date of this Report and Recommendation to file written objections, if any, with the Honorable Jose E. Martinez. Failure to timely file objections shall bar the parties from attacking on appeal the factual findings contained herein. See Resolution Tr. Corp. v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993). Further, "failure to object in accordance with the provisions of [28 U.S.C.] § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." See 11th Cir. R. 3-1 (I.O.P. - 3).

RESPECTFULLY SUBMITTED in Chambers at Miami, Florida, this 19th day of January, 2021.

_____
ALICIA M. OTAZO-REYES
UNITED STATES MAGISTRATE JUDGE

cc:     United States District Judge Jose E. Martinez; Counsel of Record