UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.:19-25148-CIV-MARTINEZ-OTAZO-REYES

BENZO RUDNIKAS,

    Plaintiff,

vs.

NOVA SOUTHESTERN UNIVERSITY, INC.,

    Defendant.
_____/

**DEFENDANT, NOVA SOUTHEASTERN UNIVERSITY, INC.'S, RENEWED MOTION FOR SANCTIONS AND INCORPORATED MEMORANDUM OF LAW**

Defendant, Nova Southeastern University, Inc. ("NSU" or "Defendant"), by and through undersigned counsel, and pursuant to the Court's inherent power, hereby files Defendant, Nova Southeastern University, Inc.'s, Renewed Motion for Sanctions and Incorporated Memorandum of Law (the "Renewed Motion"), and in support thereof states as follows:

**INTRODUCTION**

On February 3, 2021, this Court entered its Order Adopting Magistrate Judge's Report and Recommendation [D.E. # 93] (the "February 3rd Order"). Notably, while the February 3rd Order denied Defendant, Nova Southeastern University, Inc.'s, Motion for Sanctions and Incorporated Memorandum of Law [D.E. # 53] (the "Motion for Sanctions"), it further warned "Plaintiff, through his counsel, that similar conduct like the one he has exhibited against Defendant and Defendant's counsel in the past will not be tolerated in the future and may lead to the imposition of sanctions."

Less than four (4) *hours* later, Plaintiff delivered yet *another* email to a third-party witness *again* lobbing veiled threats and falsely accusing NSU's counsel of harassing witnesses, lying to

CASE NO.:19-25148-CIV-MARTINEZ-OTAZO-REYES

this Court, and generally engaging in "unethical conduct." A true and correct copy of Plaintiff's February 3, 2021 email (the "Email") is attached hereto as **Exhibit A**.

It cannot be clearer that Plaintiff is completely unwilling to comply with this Court's orders.[1] This Court first admonished Plaintiff "against inserting unnecessary and improper personal attacks" in its paperless order [D.E. #39], adding that additional improper personal attacks "may result in sanctions." This Court again warned Plaintiff in the February 3rd Order not to engage in such conduct. However, it is obvious that Plaintiff has no intention of ceasing his inappropriate and defamatory actions, and that Plaintiff's bad faith attempts to harass and undermine the reputation of undersigned counsel will continue unless this Court brings it to a stop.

## PROCEDURAL HISTORY AND INTRODUCTION

1. On December 13, 2019, Plaintiff filed the Complaint [D.E. # 3].

2. On January 27, 2020, NSU filed Defendant, Nova Southeastern University, Inc.'s, Motion to Dismiss and Incorporated Memorandum of Law (the "Motion to Dismiss") [D.E. # 12].

3. On March 18, 2020, a hearing was held on the Motion to Dismiss (the "Hearing").

4. At the conclusion of the Hearing, after United States Magistrate Judge Alicia M. Otazo-Reyes had already announced her ruling, Plaintiff took the opportunity to personally malign the character of NSU's counsel by alleging that NSU's counsel had made misrepresentations to the Court. Magistrate Judge Otazo-Reyes eventually cut Plaintiff off and admonished him for his inappropriate behavior.

---

[1] It should be noted that Plaintiff also remains in violation of this Court's September 4, 2020 Order [D.E. # 65] in that Plaintiff has *still* failed to produce *any* documents responsive to NSU's Request for Production served June 25, 2020.

5. On May 8, 2020, this Court entered its Paperless Order [D.E. # 39] cautioning Plaintiff "against inserting unnecessary and improper personal attacks" and advising that "[s]uch future filings will be struck and may result in sanctions."

6. Meanwhile, Plaintiff continued to bombard various administrators at NSU with harassing and threatening communications while yet again defaming NSU's undersigned counsel. *See* August 4, 2020 Email attached hereto as **Exhibit B**.

7. Subsequently, NSU reached out via email to reschedule Plaintiff's deposition for the week of September 14, 2020. However, rather than advise undersigned counsel of Plaintiff's availability, Plaintiff responded by again threatening undersigned counsel. *See* August 14, 2020 Email String attached hereto as **Exhibit C.**

8. On August 18, 2020 and August 19, 2020, respectively, NSU served Notices of Intent to Subpoena Records of Non-Parties directed to the following entities identified in Plaintiff's Second Amended & Supplemental Initial Disclosures [D.E. # 42] as individuals likely to have discoverable information that Plaintiff may use to support his Claims: (1) Florida International University; (2) University of Florida; (3) Belen Jesuit Preparatory School; (4) Majid Vossoughi, P.A.; and (5) Windhaven Insurance Company (the "Subpoenaed Parties").

9. Plaintiff then repeatedly emailed each of the Subpoenaed Parties, advising that Plaintiff intended not only to move to disqualify undersigned counsel, but accusing undersigned of *criminal conspiracy*. *See* Email strings attached hereto as **Composite Exhibit D**.

CASE NO.:19-25148-CIV-MARTINEZ-OTAZO-REYES

10. On August 20, 2020, NSU filed the Motion for Sanctions, based largely on Plaintiff's continued conduct, including Plaintiff's then-recently delivered defamatory and obstructionist email to various subpoenaed parties.[2]

11. On November 5, 2020, Magistrate Judge Otazo-Reyes held a hearing on the Motion for Sanctions.

12. On January 19, 2021, Magistrate Judge Otazo-Reyes issued the Report and Recommendations, finding that sanctions against Plaintiff would not advance the Court's objectives, at least in part because Plaintiff was not represented by counsel at the time of the actions addressed in the Motion for Sanctions.

13. On February 3, 2021, this Court entered the February 3rd Order, denying the Motion for Sanctions, but further warning "Plaintiff, through his counsel, that similar conduct like the one he has exhibited against Defendant and Defendant's counsel in the past will not be tolerated in the future and may lead to the imposition of sanctions."

14. Plaintiff's continued bad faith harassment and defamation directed at undersigned counsel, in the face of this Court's repeated warnings, and should be harshly sanctioned.

## MEMORANDUM OF LAW

In addition to sanctions available under various Federal Rules of Civil Procedure, courts possesses inherent power to sanction parties who conduct litigation in bad faith. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991); *Malautea v. Suzuki Motor Co., Ltd.*, 987 F.2d 1536, 1545 (11th Cir. 1993). Indeed, "deeply rooted in the common law tradition is the power of any court to

---

[2] The original Motion for Sanctions did not include the full email string attached as **Exhibit D** to this Renewed Motion for Sanctions, because Plaintiff ceased copying undersigned counsel after the original email to the Subpoenaed Parties, and the full scope of Plaintiff's defamatory communications to the Subpoenaed Parties was not discovered until additional documents were produced the afternoon of February 3, 2021.

4

manage its affairs which necessarily includes the authority to impose reasonable and appropriate sanctions upon errant lawyers practicing before it." *Carlucci v. Piper Aircraft Corp.*, 775 F.2d 1440, 1447 (11th Cir. 1985). "Courts' inherent power also extends *to parties to litigation*." *Malautea*, 987 F.2d at 1545 (citing *Chambers*, 501 U.S. at 45) (emphasis added). A court's inherent power arises from the court's need "to manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases." *Chambers*, 501 U.S. at 43.

Here, in the Eleventh Circuit, "[t]he key to unlocking a court's inherent power is a finding of bad faith." *Barnes v. Dalton*, 158 F.3d 1212, 1214 (11th Cir. 1998). "A finding of bad faith is warranted where an attorney knowingly or recklessly raises a frivolous argument, or argues a meritorious claim for the purpose of harassing an opponent. A party also demonstrates bad faith by delaying or disrupting the litigation or hampering enforcement of a court order." *Id*. at 1214 (quoting *Primus Automotive Fin. Servs., Inc. v. Batarse*, 115 F.3d 644, 649 (9th Cir.1997).

On the exact same day this Court entered the February 3rd Order, again warning Plaintiff to cease his baseless and defamatory attacks against NSU and its counsel, Plaintiff delivered yet another offensive and threatening email communication to a third-party witness in this case. Despite a multitude of verbal and written admonitions and warnings to cease, Plaintiff continues to harass and impugn the reputation of undersigned counsel. These baseless attacks continue even now that Plaintiff has retained counsel. Plaintiff's actions, from his refusal to participate in discovery, to his interference with NSU's attempts to conduct relevant discovery, to his continued inappropriate personal attacks directed toward undersigned counsel, all underscore that Plaintiff will not cease these activities absent harsh sanctions.

Plaintiff should be sanctioned, accordingly.

**RELIEF REQUESTED**

Based upon the foregoing, and for the reasons stated above, NSU respectfully requests that the Court enter an Order: (i) granting the Renewed Motion for Sanctions; (ii) imposing appropriate sanctions; and (iii) for any other relief the Court deems just and proper under the circumstances.

**CERTIFICATION OF GOOD FAITH EFFORT TO MEET AND CONFER**

The undersigned counsel certifies that he made a good faith effort to resolve the issues raised herein prior to the filing of this Renewed Motion for Sanctions but was unable to do so. Specifically, on August 20, 2020, undersigned counsel sent an email to Plaintiff's counsel requesting Plaintiff's position relative to the relief sought herein. Plaintiff's counsel responded that Plaintiff opposes the Renewed Motion for Sanctions.

**WHEREFORE**, Defendant, Nova Southeastern University, Inc., respectfully requests that the Court enter an Order: (i) granting the Renewed Motion for Sanctions; (ii) imposing appropriate sanctions; and (iii) for any other relief the Court deems just and proper under the circumstances.

Respectfully Submitted on February 4, 2021.

**PANZA, MAURER & MAYNARD, P.A.**
Counsel for Defendant
Nova Southeastern University
Coastal Towers
2400 E. Commercial Blvd., Ste. 905
Fort Lauderdale, Florida 33308
Phone: (954) 390-0100
Fax:    (954) 390-7991

By: ___/s/ Richard A. Beauchamp, Esq.___
Richard A. Beauchamp, Esq.
Fla. Bar No.: 471313
E-Mail: rbeauchamp@panzamaurer.com
Benjamin P. Bean, Esq.
Fla. Bar No.: 72984
E-Mail: bbean@panzamaurer.com

CASE NO.:19-25148-CIV-MARTINEZ-OTAZO-REYES

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that the foregoing document was served on February 4, 2021 via email upon all counsel of record identified on the attached Service List.

By: _/s/ Richard A. Beauchamp, Esq._
Richard A. Beauchamp, Esq.

## SERVICE LIST

Nathan Soowal, P.A.
Nathan Soowal, Esq.
Limited Counsel for Plaintiff
3140 NE 9th Ave
Pompano Beach, FL 33064
nathansoowallaw@gmail.com
Telephone (954) 531-4851