UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

**Case Number: 19-25148-CIV-MARTINEZ/OTAZO-REYES**

BENZO RUDNIKAS,

     Plaintiff,

vs.

NOVA SOUTHEASTERN UNIVERSITY,
INC.,

     Defendant.

_____/

## ORDER ADOPTING MAGISTRATE JUDGE'S
## OMNIBUS REPORT AND RECOMMENDATION

THE MATTER was referred to the Honorable Alicia M. Otazo-Reyes, United States

Magistrate Judge, for a Report and Recommendation on the following motions:

1. "Emergency Motion for Temporary Restraining Order & Expedited Motion for Preliminary Injunction" ("Motion for TRO and Preliminary Injunction"), (ECF No. 54);

2. "(1) Emergency Motion to Amend Scheduling Order (2) Motion for Default Judgment & Sanctions for Fraud on the Court (3) Motion to Disqualify Defendant's Counsel, Richard Arthur Beauchamp, Esq. & Benjamin Bean, Esq. & Motion for Referral to the Florida Bar (4) Emergency Motion for Stay of Discovery" ("Motion to Amend"), (ECF No. 55);

3. "Emergency Motion to Admit Testimony in Support of Plaintiff's [Motion to Amend]" ("Motion to Admit Testimony"), (ECF No. 56);

4. "Request for Judicial Notice in Support of DE # 54 and DE # 55 ("Request for Judicial Notice"), (ECF No. 109); and

5. "Motion to Invoke Judicial Estoppel & Deem Plaintiff the Prevailing Party as to All Claims in DE # 54" ("Motion to Invoke Judicial Estoppel"), (ECF No. 110).

(collectively, the "Motions"). Magistrate Judge Otazo-Reyes filed an Omnibus Report and

Recommendation ("R&R") recommending that all motions be denied. (ECF No. 131). Plaintiff

timely filed objections to the R&R. (Objections, ECF No. 137). The Court has conducted a *de novo* review of the record and is fully advised in the premises. After careful consideration, the Court finds that Plaintiff's Objections are **OVERRULED** and the R&R is **AFFIRMED** and **ADOPTED** in its entirety.

While the Court finds that Judge Otazo-Reyes's report and recommendation is well-reasoned and already addresses most of Defendant's objections, it will nevertheless reiterate and expand on its reasons for denying Plaintiff's Motions.

### A.      Motion to Amend and Motion to Admit Testimony

The Court first turns to Plaintiff's Motion to Amend the operative Amended Complaint. (ECF No. 55). Plaintiff seeks to amend the Scheduling order to allow him to file a second amended complaint. The deadline to amend the complaint set forth in the Scheduling Order was July 3, 2020. (*See* ECF No. 44). On September 2, 2020, Plaintiff moved to amend the complaint. (ECF No. 55). In support, Plaintiff argues that "he uncovered an unconscionable scheme that is dispositive of the entire case and basically shows Defendant is not even entitled to discovery." (ECF No. 55, at 26–27).

Pursuant to Federal Rule of Civil Procedure 16(b)(4),[1] a court's scheduling order may only be modified upon a showing of good cause. The good cause standard precludes modification unless the moving party can show that the schedule could not "be met despite [his] diligence[.]" Fed. R. Civ. P. 16(b) advisory committee note; *see also Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998). Where "the facts necessary to formulate the claim were known prior to the deadline or the moving party failed to seek the information it needed to determine whether an

---

[1] The Court agrees with Judge Otazo-Reyes that Rule 16 applies in determining whether leave to amend should be granted where the deadline to amend the complaint set forth in the court's scheduling order has passed. *See Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 n.2 (11th Cir. 1998).

amendment was required before the deadline passed, the moving party cannot establish the Rule 16(b) diligence necessary to show good cause." *Beyel Bros., Inc. v. EMH, Inc.*, No. 19-CV—14392, 2020 WL 6143633, at *3 (S.D. Fla. Oct. 20, 2020).

Plaintiff asserts that he uncovered the alleged "unconscionable scheme" when he reviewed the six depositions cited in his Motion to Admit Testimony (the "Depositions"). The Depositions were taken in two other cases against Defendant, one filed in 2004 and the other in 2014. *See Hirsch v.* NSU, 04-CV—60068-JEM (S.D. Fla. 2004); *Redding v. NSU*, 14-CV-60545-KAM (S.D. Fla. 2015). When reviewing those, he "connected the dots and realized there was an unconscionable scheme between Defendant, its Officer of the Court, and the Law Firm of Panza Maurer Maynard to defraud the public, the judicial system, and the Department of Education." (ECF No. 55 ¶ 50). As Judge Otazo-Reyes aptly points out, the Depositions have been publicly available prior to the filing of this case, on May 20, 2015 and July 6, 2015. Plaintiff further alleges that he was aware of the *Hirsch* and *Redding* cases a couple of days after April 28, 2020, well before the July 3, 2020 deadline to amend the complaint. In the two months that followed, Plaintiff had the opportunity to review the depositions filed in those cases and failed to do so. "Mere 'carelessness is not compatible with a finding of diligence.'" *Beyel Bros.*, 2020 WL 6143633, at *3. The Court is cognizant of Plaintiff's *pro se* status at the time the Motion to Amend was filed and prior to that. However, Plaintiff has failed to show that he acted diligently.

Plaintiff asserts that he was diligent "in attempting to meet this Court's deadline" because he filed a motion for extension of time on July 3, 2020 to extend the deadline to July 6, 2020. This argument is a non sequitur. The record shows that the Court denied Plaintiff's motion for extension of time as moot because July 3, 2020 was a Court holiday and thus "the deadline to amend pleadings [was] already July 6, 2020. *See* Fed. R. Civ. P. 6." (ECF No. 46). Plaintiff further

argues that his emails to FedEx (*See* ECF No. 55-2, at 200), show that his "pleadings were nearly ready on 7/6/20 minus the hundreds of pages of exhibits he stated he would need a little more time to compile." (ECF No. 137, at 13 (emphasis added)). This argument fares no better. The fact that the documents were "nearly" ready on July 6, 2020 does not explain why Plaintiff filed his Motion to Amend two months later on September 2, 2020. Finally, Plaintiff argues that Defendant was deliberately avoiding the Scheduling Order's deadlines because they knew that Plaintiff intended to file an amended complaint prior to the July 6, 2020 and they scheduled Cory Jacobs's disciplinary hearing for July 1, 2020. According to Plaintiff, "[t]he only logical explanation was that Nova was deliberately avoiding this Court's scheduling deadline in bad faith." Plaintiff, however, provides no legal or factual support for these assumptions. Accordingly, Plaintiff's Motion to Amend is denied.

Plaintiff also sought permission to admit the Depositions in support of the Motion to Amend. Given the Court's denial of the Motion to Amend, the Motion to Admit Testimony is similarly denied.

### B. Motion for TRO and Preliminary Injunction[2]

Plaintiff concedes that should his Motion to Amend be denied, the Motion for TRO and Preliminary Injunction must likely be denied. (ECF No. 137, at 2). Indeed, the Court's denial of the Motion to Amend, the Motion for TRO and Preliminary Injunction cannot be granted because the relief it seeks is not of the same character as the operative complaint in this matter. *Kaimowitz v. Orlando, Fla.*, 122 F.3d 41, 43 (11th Cir. 1997) (a preliminary injunction is only appropriate where the "immediate relief [is] of the same character as that which may granted finally."). On this reason alone, the Court denies the Motion for TRO and Preliminary Injunction. The Court

---

[2] The Court also denies Plaintiff's Request for Judicial Notice, (ECF No. 109), for the reasons stated in Judge Otazo-Reyes's R&R.

further agrees with Judge Otazo-Reyes's findings that, even assuming that Plaintiff could prove a prima facia case of retaliation—as he must do for the Court to grant a TRO or preliminary injunction—he cannot prove that the reasons for his suspension were pretextual.

### C. Motion to Invoke Judicial Estoppel

Plaintiff's only objection to Judge' Otazo-Reyes's recommendation that the Court deny the Motion to Invoke Judicial Estoppel is that the recommendation was not "meaningful." (ECF No. 137, at 15). Plaintiff cites to *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353 (11th Cir. 1997) in support of his argument. To begin with, the issues in *Chudasama* are different than those involved in this case. In *Chudasama*, the district court failed to rule on a pending motion to dismiss before imposing harsh discovery sanctions, including the entry of default judgment. The Eleventh Circuit noted in passing that a ruling must be "meaningful" and that "[it] is not enough simply to deny a motion to dismiss with little or no comment and then revisit the defendant's legal contentions when the defendant files a motion for summary judgment after discovery has concluded." *Id.* at 1368 n.28. Certainly, the procedural posture in this case is different than *Chudasama*.

Yet, even assuming that this requirement of "meaningfulness" was applied to the case at hand, Judge Otazo-Reyes's twenty-three-page R&R would pass the "meaningful" muster. The R&R provides the reasons for the recommendation to deny the motion. "Judicial estoppel applies when 'a party assumes a certain position in a legal proceeding, and then succeeds in maintaining that position, he may not thereafter, simply because his interests have changed, assume a contrary position, especially if it be to the prejudice of the party who has acquiesced in the position formerly taken by him." *Matter of Brizo,* LLC, 437 F. Supp. 3d 1212, 1220 (S.D. Fla. 2020). The R&R explains—and the Court agrees—that Plaintiff does not contend that Defendant assumed a certain

position in a legal proceeding and now assumes a contrary position because his interests have changed. Instead, Plaintiff invokes judicial estoppel because he argues that "to permit Defendant to continue litigating would require Defendant to change its current position and to knowingly submit false and/or inaccurate testimony that would allege facts that occurred prior to litigation, but which Defendant, Plaintiff, and this Court would know are false . . ." (ECF No. 110, at 1). This reason does not give grounds to invoke judicial estoppel. Therefore, the Motion to Invoke Judicial Estoppel is denied.

Accordingly, it is

**ADJUDGED** that United States Magistrate Judge Otazo-Reyes's Report and Recommendation, (ECF No. 131), is **AFFIRMED** and **ADOPTED**. It is further **ADJUDGED** that the Motions, (ECF Nos. 54, 55, 56, 109, 110), are **DENIED**.

DONE and ORDERED in Chambers at Miami, Florida this 15th day of July, 2021.

JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies provided to:
Magistrate Judge Otazo-Reyes
All counsel of record