UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case Number: **19-25148-CIV-MARTINEZ/OTAZO-REYES**

BENZO RUDNIKAS,

    Plaintiff,

vs.

NOVA SOUTHEASTERN UNIVERSITY,
INC.,
    Defendant.
_____/

## ORDER ON DEFENDANT'S MOTION IN LIMINE

**THIS CAUSE** comes before the Court upon Defendant's Omnibus Motion in Limine ("Motion"). (ECF No. 97). The Court held a hearing on the matter on July 30, 2021. After careful consideration of the Motion, Plaintiff's Response, (ECF No. 106), Defendant's Reply, (ECF No. 108), the parties' arguments in open court, and the pertinent portions of the record, the Court finds that the Motion is **GRANTED in part and DENIED in part**.

Defendant's Motion is threefold. First, Defendant seeks to exclude evidence regarding past claims against Defendant for failure to accommodate students, including but not limited to, "complaints, depositions, transcripts, affidavits, and other various filings in other cases involving NSU that were brought by other employees or students, . . . dating back 20-plus years[.]" (ECF No. 152, at 5:21–25). Plaintiff does not point to a specific reason why he seeks to introduce this evidence, other than attempting to prove Defendant's violation of the ADA as to Plaintiff based on Defendant's past conduct towards other students and employees. The Court thus agrees that evidence of Defendant's past failure to accommodate other students or employees is not relevant to the claims brought in this action and is inadmissible.

1

Second, Defendant moves to preclude Plaintiff from introducing into evidence any documents responsive to Defendant's document requests but not produced to date. In particular, the parties acknowledge that several communications exist which are responsive to the requests but have not yet been produced. The record reflects Plaintiff's continuous failure to comply with this Court's orders by failing to produce documents responsive to Defendant's discovery requests. Accordingly, Plaintiff is precluded from introducing into evidence at trial any documents that are responsive to Defendant's requests for production but were not produced as of February 19, 2021 pursuant to Judge Otazo-Reyes's Order on Status Conference, (ECF No. 99).

Finally, Defendant seeks to limit evidence of damages to lost tuition pursuant to the Student Enrollment Agreement ("Agreement") executed by Plaintiff when he enrolled in classes. The Agreement contains a "Disclaimer/Release of Liability" provision that states as follows:

> **I understand that by enrolling at NSU, I am not guaranteed a degree. I agree that should I be dismissed for any reason, NSU's liability for any such dismissal would be limited to present damages consisting of lost tuition and any costs associated with attendance at NSU. In no event, shall NSU's liability exceed the total amount of fees paid to NSU, nor shall NSU be liable for incidental or consequential damages of any kind. I specifically understand and agree that I will not be entitled to seek future damages for losses incurred as a result of the failure to obtain a degree.**

(ECF No. 97-2, at 9 (emphasis in original)).

Defendant contends that the above provision limits Plaintiff's damages to lost tuition and any costs associated with attendance at NSU, and to no more than the total amount of fees paid to NSU. However, as Defendant itself states, this is a claim for discrimination against Plaintiff for "(1) failing to grant him extended time for assignments, and (2) failing to provide him his approved accommodation of double-time for his first final exam in the fall 2019 semester – Contracts[.]" (ECF No. 97, at 5). This action does not involve Plaintiff's dismissal or failure to obtain a degree from NSU. Defendant argues that the third sentence in the Disclaimer/Release of Liability

2

provision applies to *all* actions brought against NSU by its students, regardless of whether any dismissal occurred. The Court is unconvinced. Read as a whole, the provision relates to claims brought against NSU for dismissal or failure to obtain a degree and is thus not applicable to the claims at issue in this case. Therefore, Defendant's request is denied as to this issue.

For the foregoing reasons, it is **ORDERED AND ADJUDGED** that:

1. Defendant's Motion, (ECF No. 97), is **GRANTED in part and DENIED in part**.

2. Plaintiff is precluded from introducing evidence of Defendant's past failure to accommodate other students or employees, including but not limited to, filings in other cases against Defendant. The Court will reconsider these issues upon Plaintiff's request at trial, if any. However, prior to addressing these issues, counsel **SHALL** seek permission of this Court to do so in a sidebar conference or outside of the presence of the jury. The Court ADVISES counsel to tread lightly around these issues and to exercise an abundance of caution. Failure to comply with this Court's order SHALL result in appropriate sanctions for failure to obey this Court's orders.

3. Plaintiff is precluded from introducing any documents that were responsive to Defendant's requests for production but were not produced as of February 19, 2021.

4. Plaintiff may attempt to introduce evidence related to damages other than those delineated in the Agreement.

DONE and ORDERED in Chambers at Miami, Florida this 2nd day of August, 2021.

JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies provided to:
Magistrate Judge Otazo-Reyes
All counsel of record