UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 19-25148-CIV-MARTINEZ/AOR

BENZO RUDNIKAS,

    Plaintiff,

v.

NOVA SOUTHEASTERN UNIVERSITY, INC.,

    Defendant.
_____/

**REPORT AND RECOMMENDATION RE: D.E. 95**

THIS CAUSE came before the Court upon Defendant Nova Southeastern University, Inc.'s ("Defendant" or "NSU") Renewed Motion for Sanctions [D.E. 95]. This matter was referred to the undersigned pursuant to 28 U.S.C. § 636 by the Honorable Jose E. Martinez, United States District Judge [D.E. 8]. The undersigned held an evidentiary hearing on this matter on June 29, 2021 (hereafter, "Evidentiary Hearing") [D.E. 141]. Following the Evidentiary Hearing, NSU submitted a post-hearing brief (hereafter, "NSU's Brief") [D.E. 142] and Rudnikas submitted a Response to NSU's Brief [D.E. 148]. Having considered the evidence presented at the Evidentiary Hearing and having thoroughly reviewed the parties' written submissions, the undersigned respectfully recommends that the Renewed Motion for Sanctions be GRANTED IN PART.

**PROCEDURAL BACKGROUND**

Plaintiff Benzo Rudnikas ("Rudnikas" or "Plaintiff"), an NSU law student, commenced this action *pro se* against NSU for alleged violations of the Americans with Disabilities Act on December 13, 2019. See Pro Se Complaint & Emergency Request for Temporary Injunction [D.E. 1].

On August 20, 2020, NSU filed its First Motion for Sanctions requesting that the Court use

its inherent powers to sanction Rudnikas for his alleged bad faith conduct, consisting of: "lac[ing] his court filings and oral representations to the Court with unnecessary and baseless allegations directed at NSU's . . . counsel"; continued threats and harassment of NSU's counsel despite "verbal and written admonitions and warnings to cease"; "repeating these libelous allegations to third parties"; "refus[ing] to participate in discovery"; "interfer[ing] with NSU's attempts to conduct relevant discovery"; and "inappropriate personal attacks directed toward [NSU's] counsel . . . ." See First Motion for Sanctions [D.E. 53 at 6].

On October 16, 2020, Nathan Soowal, Esq. ("Attorney Soowal") began to represent Rudnikas in this matter. See Notice of Appearance [D.E. 79].

On January 19, 2021, the undersigned issued a Report and Recommendation on the First Motion for Sanctions, recommending that it be denied. See Report and Recommendation [D.E. 91]. The undersigned noted that the actions cited by NSU "were committed by Rudnikas while proceeding *pro se.*" Id. at 5-6. The undersigned added:

> Now that Rudnikas is represented by counsel in this matter, the undersigned finds that sanctioning him for his past conduct would not advance the court's objective of achieving an orderly and expeditious disposition of this case. . . . Therefore, the undersigned recommends that the Court exercise its discretion and restraint and decline to use its inherent powers to sanction Rudnikas for his *pro se* conduct, which has now been forestalled by Attorney Soowal's representation. Nevertheless, the undersigned cautions Rudnikas through his current counsel that similar conduct will not be tolerated should he revert to *pro se* status in the future.

Id. at 6.

On February 3, 2021, the Court adopted the undersigned's Report and Recommendation, denied the First Motion for Sanctions, and admonished Rudnikas, "through his counsel, that similar conduct like the one he has exhibited against Defendant and Defendant's counsel in the past will not be tolerated in the future and may lead to the imposition of sanctions." See Order Adopting Magistrate Judge's Report and Recommendation [D.E. 93 at 1 n.1].

2

That same day, Rudnikas sent an email (hereafter, "February 3, 2021 Email") to the recipient of a non-party subpoena issued by NSU, Mr. Majid Vossoughi ("Mr. Vossoughi"), and NSU's counsel. See February 3, 2021 Email [D.E. 140-1 at 1]. In that email, Rudnikas directed the following comments toward NSU's counsel:

> Please refrain from harassing third party witnesses. As discussed at my deposition, you . . . already lied to Judge Otazo[-]Reyes at the preliminary injunction hearing which is enough to get both of you disbarred for an entire year. I would refrain from further unethical conduct if you would like to keep your law license.

Id. Rudnikas also advised Mr. Vossoughi to "feel free to contact [Attorney Soowal] if [NSU's counsel] harass[ed]" him any further. Id.

On February 4, 2021, NSU filed the Renewed Motion for Sanctions requesting that Rudnikas be sanctioned because he "continue[d] to harass and impugn the reputation of [NSU's] counsel," despite the Court's admonition in its Order Adopting Magistrate Judge's Report and Recommendation, as evidenced by the February 3, 2021 Email. See Renewed Motion for Sanctions [D.E. 95].

On February 18, 2021, Rudnikas filed a Response to NSU's Renewed Motion for Sanctions, wherein Attorney Soowal represented that:

> [He] has spoken with Plaintiff and has warned him that the continued behavior complained about in Defendant's Renewed Motion for Sanctions . . . will likely result in the Court Sanctioning him. Likewise, the undersigned has made it clear that he will discontinue representation of the Plaintiff should he continue such behavior.
>
> Plaintiff has assured the undersigned he will no longer engage in such behavior and is apologetic for any distress it may have caused [NSU]'s counsel. To that end, the undersigned personally spoke with [NSU]'s counsel . . . and apologized to him on behalf of the Plaintiff.

See Response to Renewed Motion for Sanctions [D.E. 100 at 1].

3

On March 5, 2021, Rudnikas appeared for a continued deposition in this action (hereafter, "Continued Deposition"). See Continued Deposition Transcript [D.E. 140-2]. At the Continued Deposition, Rudnikas testified that NSU's counsel was "willing to procure false affidavits" and that some of his communications with non-parties were sent with the purpose of reporting that NSU and NSU's counsel had "defrauded the government . . . ." Id. at 35–40, 50–51.[1]

In its post Evidentiary Hearing brief, NSU explains that the Renewed Motion for Sanctions "relates to Plaintiff's inappropriate and bad faith attempts to harass and undermine the reputation of NSU's counsel" and that the sanction it seeks is dismissal of this case with prejudice. See NSU's Brief [D.E. 142 at 2]. NSU relies on the Court's inherent powers in seeking this relief. Id. at 5–6. Specifically, NSU cites to the following conduct by Rudnikas: (1) sending the February 3, 2021 Email; (2) filing of certain pleadings by his counsel; (3) accusing NSU's counsel at the Evidentiary Hearing of intimidating a witness; and (4) testifying at his Continued Deposition that NSU's counsel was "willing to procure false affidavits," and that some of his communications with non-parties were sent with the purpose of reporting that NSU and NSU's counsel had "defrauded the government." See NSU's Brief [D.E. 142 at 3–5].

## EVIDENTIARY HEARING

1.      In his testimony at the Evidentiary Hearing, Rudnikas stated that he reviews pleadings drafted by Attorney Soowal and approves of their filing but does not draft any pleadings and leaves that to Attorney Soowal. See Evidentiary Hearing Transcript [D.E. 141 at 28–39].

2.      At the Evidentiary Hearing, NSU clarified that its Renewed Motion for Sanctions was directed toward Rudnikas personally, not Attorney Soowal. Id. at 26.

---

[1] Citations are to the pages of the Continued Deposition Transcript.

3. In his testimony, Rudnikas also accused NSU's counsel of intimidating his witness, Cory Jacobs:

> CROSS EXAMINATION
> Q. Following that email, have you sent any communications with any third parties unrelated to this litigation concerning defendant or its counsel?
> A. No, not really. No.
> Q. Have you communicated with anybody in any capacity regarding this litigation or defendant's counsel following that email?
> A. No.
> \*\*\*
> REDIRECT EXAMINATION
> Q. Yeah, I'd like to know what he means by "not really."
> A. Well, I spoke to Cory Jacobs, my witness that Nova intimidated, as shown by Docket Entry 109, Nova's counsel intimidated, which is on the record. I'm surprised the Court has not addressed it yet.
> MR. BEAUCHAMP: So, Judge, here we go. He's now under oath accusing us of intimidating witnesses.

Id. at 41–42.

## INHERENT POWERS

"Courts have the inherent power to police those appearing before them." Purchasing Power, LLC v. Bluestem Brands, Inc., 851 F.3d 1218, 1223 (11th Cir. 2017) (citing Chambers v. NASCO, Inc., 501 U.S. 32, 46 (1991)). "These powers are governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." Chambers, 501 U.S. at 43 (internal quotation marks omitted) (quoting Link v. Wabash R. Co., 370 U.S. at 630–31 (1962)). The court's inherent power "must be exercised with restraint and discretion and used to fashion an appropriate sanction for conduct which abuses the judicial process." Purchasing Power, LLC, 851 F.3d at 1223 (internal quotation marks omitted) (quoting Chambers, 501 U.S. at 44–45). "A court may exercise this power to sanction the willful disobedience of a court order, and to sanction a party who has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." Purchasing Power, LLC, 851 F.3d

at 1223 (quoting Marx v. Gen. Revenue Corp., 568 U.S. 371, 382 (2013)). The purpose of this power is to "vindicate judicial authority without resorting to a contempt of court sanction and to make the prevailing party whole." Purchasing Power, LLC, 851 F.3d at 1223 (citing Chambers, 501 U.S. at 46).

"A sanctions motion under . . . a court's inherent powers . . . requires a showing that the party acted in bad faith." Hyde v. Irish, 962 F.3d 1306, 1310 (11th Cir. 2020) (citing Purchasing Power, LLC, 851 F.3d at 1223). "This standard can be met either (1) with direct evidence of the attorney's subjective bad faith or (2) with evidence of conduct so egregious that it could only be committed in bad faith. Evidence of recklessness alone won't suffice." Hyde, 962 F.3d at 1310 (internal quotation marks omitted) (citing Purchasing Power, LLC, 851 F.3d at 1224–25). "[W]hen imposing sanctions pursuant to their inherent authority, courts require that the conduct or fraud be proven by clear and convincing evidence." Kleiman v. Wright, No. 18-CV-80176, 2020 WL 3451682, at *17 (S.D. Fla. 2020) (citing Tarasewicz v. Royal Caribbean Cruises Ltd., No. 14-CV-60885, 2016 WL 3944178, at *2 (S.D. Fla. 2016)).

## DISCUSSION

As noted above, NSU predicates its Renewed Motion for Sanctions on the following events: (1) Rudnikas sending the February 3, 2021 Email; (2) his counsel filing certain pleadings; (3) Rudnikas accusing NSU's counsel at the Evidentiary Hearing of intimidating a witness; and (4) Rudnikas testifying at his Continued Deposition that NSU's counsel was "willing to procure false affidavits," and that some of his communications with non-parties were sent with the purpose of reporting that NSU and NSU's counsel had "defrauded the government." See NSU's Brief [D.E. 142 at 3–5]. With regard to the second item, Rudnikas testified at the Evidentiary Hearing that he reviews pleadings drafted by Attorney Soowal and approves of their filing, but does not

6

draft any pleadings and leaves that to Attorney Soowal; and NSU clarified that its Renewed Motion for Sanctions was directed toward Rudnikas personally, not Attorney Soowal. See Evidentiary Hearing Transcript [D.E. 141 at 26, 28–39]. Therefore, the undersigned concludes that this item is not a proper predicate for the Renewed Motion for Sanctions. Accordingly, the undersigned limits the following analysis to Rudnikas' direct conduct, namely, his sending of the February 3, 2021 Email and his testimony at his Continued Deposition and the Evidentiary Hearing.

   a. *Whether Rudnikas acted in bad faith.*

Rudnikas was admonished by both the undersigned and the presiding District Judge that his *pro se* conduct underlying NSU's First Motion for Sanctions would not be tolerated in the future and might lead to the imposition of sanctions. See Report and Recommendation [D.E. 91 at 5-6]; Order Adopting Magistrate Judge's Report and Recommendation [D.E. 93 at 1 n.1].[2] Yet Rudnikas has continued to engage in similar conduct, by making unfounded accusations against NSU and NSU's counsel in the February 3, 2021 Email, at his Continued Deposition, and at the Evidentiary Hearing, as detailed above.

Because Rudnikas' conduct has continued despite these judicial admonitions, the undersigned finds by clear and convincing evidence that Rudnikas' misconduct is so egregious that it could only have been committed in bad faith. Hyde, 962 F.3d at 1310; Kleiman, 2020 WL 3451682, at *17.

   b. *Appropriate Sanctions*

NSU requests that the Court invoke its inherent powers to dismiss this action with prejudice as a sanction for Rudnikas' conduct. See NSU's Brief [D.E. 142 at 5–8]. "Among the most severe sanctions that a court can impose pursuant to its inherent powers are dismissal of an action and

---

[2] As noted above, Attorney Soowal also admonished Rudnikas. See Response to Renewed Motion for Sanctions [D.E. 100 at 1].

entry of a default judgment against the disobeying party." Unum Life Ins. Co. of Am. v. Biscotti, No. 18-CV-63048, 2021 WL 311037, at *3 (S.D. Fla. 2021) (citing Mediware Info. Sys., Inc. v. Hematerra Techs., LLC, No. 13-CV-103, 2016 WL 4925166, at *3 (M.D. Fla. 2016)). "[W]hen ordering a sanction of default judgment, the Court should find by clear and convincing evidence that (1) a defendant acted in bad faith, (2) the plaintiff was prejudiced by this conduct, and (3) lesser sanctions would not adequately serve the goals of punishment and deterrence." Unum Life Ins. Co. of Am., 2021 WL 311037, at *3 (internal quotation marks omitted) (quoting Sprint Sols., Inc. v. Fils-Amie, 83 F. Supp. 3d 1290, 1295 (S.D. Fla. 2015)).

The undersigned has made the requisite bad faith finding. The undersigned further finds that NSU and its counsel have been prejudiced by Rudnikas' impugning their character and reputation during the course of this litigation, in both *pro se* and represented capacities. However, the undersigned does not find the sanction of dismissal with prejudice requested by NSU to be appropriate at this juncture. Unum Life Ins. Co. of Am., 2021 WL 311037, at *3; see also Voth v. SRA Assocs., Inc., No. 08-CV-60335, 2008 WL 11331849, at *1 (S.D. Fla. 2008) ("There is a long standing preference in federal courts that litigation disputes be resolved on their merits.") (citing Florida Physician's Ins. Co. v. Ehlers, 8 F.3d 780, 783 (11th Cir. 1993)).

Mindful that the Court's inherent powers must be exercised with restraint, Purchasing Power, LLC, 851 F.3d at 1223, the undersigned recommends that the Court require a retraction on the record and impose a fine as a lesser sanction that is in direct response to the harm caused by Rudnikas' misconduct. See Barnes v. Dalton, 158 F.3d 1212, 1215 (11th Cir. 1998) ("Where, as here, the district court fashions a sanction which is a direct response to the harm that the bad faith conduct of the attorney causes, it is clearly acting within its discretion."); Malautea v. Suzuki Motor Co., 987 F.2d 1536, 1546 (11th Cir. 1993) (affirming the imposition of fines against parties and

their attorneys pursuant to the court's inherent powers because the sanction "justly punished the defendants and their attorneys and, hopefully, will deter other litigants from engaging in similar activity."). Specifically, the undersigned recommends that Rudnikas be required to retract on the record the statements which underlie the Renewed Motion for Sanctions, namely those he made regarding NSU and its counsel in the February 3, 2021 Email and in his testimony at his Continued Deposition and the Evidentiary Hearing. Additionally, the undersigned recommends the imposition of a fine in the amount of $500 to be paid by Rudnikas into the Court's registry. These sanctions will justly punish Rudnikas for his bad faith conduct and deter him from continuing to engage in such behavior. Malautea, 987 F.2d at 1546. However, for the avoidance of doubt on the part of Rudnikas regarding the seriousness of his misconduct, he is forewarned that any similar conduct during the remainder of the litigation will result in a recommendation that this action be dismissed with prejudice.

## RECOMMENDATION

Based on the foregoing considerations, the undersigned RESPECTFULLY RECOMMENDS that NSU's Renewed Motion for Sanctions [D.E. 95] be GRANTED IN PART. As a sanction for his misconduct, Rudnikas shall retract on the record the statements he made regarding NSU and its counsel in the February 3, 2021 Email and in his testimony at his Continued Deposition and the Evidentiary Hearing and shall pay a $500 fine into the Court's registry.

Pursuant to Local Magistrate Judge Rule 4(b), the parties have **fourteen days** from the date of this Report and Recommendation to file written objections, if any, with the Honorable Jose E. Martinez. Failure to timely file objections shall bar the parties from attacking on appeal the factual findings contained herein. See Resolution Tr. Corp. v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993). Further, "failure to object in accordance with the provisions of [28 U.S.C.]

§ 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." See 11th Cir. R. 3-1 (I.O.P. - 3).

RESPECTFULLY SUBMITTED in Chambers at Miami, Florida, this 3rd day of August, 2021.

_____
ALICIA M. OTAZO-REYES
UNITED STATES MAGISTRATE JUDGE

cc:   United States District Judge Jose E. Martinez
      Counsel of Record