UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case Number: 19-25148-CIV-MARTINEZ/OTAZO-REYES

BENZO RUDNIKAS,

    Plaintiff,

vs.

NOVA SOUTHEASTERN UNIVERSITY, INC.,
    Defendant.
_____/

**OMNIBUS ORDER**

**THIS CAUSE** comes before the Court upon "Plaintiff's Rule 72 Objections to DE # 125 Order Granting Defendant's Motion for Leave to Take Deposition, or in the Alternative, Motion to Vacate DE # 125" ("Objections"), (ECF No. 129), and "(1) Plaintiff's Motion for Protective Order; and (2) Plaintiff's Expedited Motion for Stay of Depositions Pending this Court's Ruling on DE 3 129 & Plaintiff's Motion for Protective Order" ("Motion for Protective Order"), (ECF No. 130). The Court has carefully considered the pending motions, the pertinent portions of the record, and is otherwise fully advised in the premises.

**I.    BACKGROUND**

This case was originally set for trial during the two-week period beginning March 29, 2021. (ECF No. 44). The deadline to conduct discovery was set for November 19, 2020. (*Id.* at 4). On March 22, 2021, the Court issued an Order Revising Trial and Pretrial Deadlines in light of Administrative Order 2021-12 which continued all trials until May 3, 2021. (ECF No. 115). In its order, the Court rescheduled the trial to commence during the two-week period beginning July 19, 2021. (*Id.*) Thereafter, on April 28, 2021, Defendant filed its Motion for Leave to Take Depositions of Michele Struffolino and Debra Moss Vollweiler for Purpose of Preserving Testimony for Trial ("Motion to Take Depositions"), (ECF No. 121). In support, Defendant argued that it had recently learned that these witnesses—which are critical to its defense—were

1

unavailable during the new trial period.  On May 6, 2021, after the filing of Plaintiff's response in opposition and Defendant's reply, Judge Otazo-Reyes issued an Order Granting Defendant's Motion for Leave to Take Depositions ("Order"), and ordered the parties to "cooperate in coordinating the depositions authorized[.]"  (ECF No. 25).

Defendant states that its counsel's office coordinated with Plaintiff's counsel to schedule and notice the depositions of Ms. Vollweiler for June 1, 2021 and Ms. Struffolino for June 2, 2021. (ECF No. 132, at 3).  On May 7, 2021 and May 10, 2021, Defendant noticed the depositions of Ms. Vollweiler and Ms. Struffolino, respectively.  (ECF Nos. 130-1, 130-2).  Plaintiff asserts that, on May 10, 2021, he advised Plaintiff that it would be asking the undersigned to vacate the Order. (ECF No. 130, at 2).  On May 25, 2021 and May 26, 2021, a week before the depositions were scheduled to take place, Plaintiff filed his Objections and Motion for Protective Order, respectively.  On May 31, 2021, Plaintiff's counsel advised Defendant's counsel that he and his client would not be attending the noticed depositions "absent Court Order permitting depositions from Judge Martinez" because it was their position "that there is no jurisdictionally valid court order granting leave to take said depositions."  (ECF No. 132-1, at 1).  The depositions proceeded as noticed, without the presence of Plaintiff or his counsel.

**II.   ANALYSIS**

Plaintiff's Objections and Motion for Protective order are nearly identical.  Plaintiff's Motion for Protective Order makes the same arguments as his Objections.  As a threshold matter, the Court notes that Judge Otazo-Reyes's Order is a non-dispositive order, and not a dispositive order as Plaintiff contends.  As outlined in the Local Rules, a magistrate judge "may hear and determine any procedural *or discovery motion* or other pretrial matter in a civil [] case[.]"  S.D. Fla. L.R., Mag. J. Rule 1(c) (emphasis added).  Defendant's motion for leave to take depositions is a discovery motion which is well within Judge Otazo-Reyes's purview. With that in mind, the Court addresses Plaintiff's Objections and Motion for Protective Order in turn below.

> **A. Plaintiff's Objections to Judge Otazo-Reyes's Order Granting Leave to Take Depositions**

When a party objects to a Magistrate Judge's non-dispositive pretrial order, the District

Court considers the objections and sets aside any portion of the Magistrate Judge's order found to be "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); S.D. Fla. L.R. 4(a)(1); *see also Matter of Application of O'Keeffe*, 184 F. Supp. 3d 1362, 1366 (S.D. Fla. 2016). "The 'clearly erroneous' standard is very different from the *de novo* review and adoption of a report and recommendation of a dispositive order, and more closely resembles an appellate function." *Combs v. Town of Davie*, No. 06-60946-CIV, 2007 WL 676102, at *2 (S.D. Fla. Feb. 28, 2007). "Clear error is a highly deferential standard of review." *Holton v. City of Thomasville Sch. Dist.*, 425 F.3d 1325, 1350 (11th Cir. 2005) (citation omitted). An order is clearly erroneous if "the reviewing court, after assessing the evidence in its entirety, is left with a definite and firm conviction that a mistake has been committed." *Krys v. Lufthansa German Airlines*, 119 F.3d 1515, 1523 (11th Cir. 1997). "In the absence of a legal error, a district court may reverse only if there was an 'abuse of discretion' by the magistrate judge." *S.E.C. v. Merkin*, 283 F.R.D. 699, 700 (S.D. Fla. 2012) (citing *Cooter & Gell v. Hartmax Corp.*, 49 U.S. 384, 401 (1990)).

The Court has considered Plaintiff's Objections and finds that Judge Otazo-Reyes's Order is not clearly erroneous or contrary to law. Defendant's motion for leave to take depositions sets out good cause for seeking leave to take depositions after the discovery deadline. Namely, Defendant did not know that the witnesses would be unavailable for trial and could not have foreseen their absence prior to the Court's entry of the order resetting trial. The Court finds no legal error in Judge Otazo-Reyes's Order, nor does it find an abuse of discretion on her part. Accordingly, Plaintiff's Objections are overruled.

### B. Plaintiff's Motion for Protective Order

In his Motion for Protective Order, Plaintiff again argues that Judge Otazo-Reyes had no authority to issue the Order and urges the Court to "reject the report and recommendation." (*See* ECF No. 129, at 13). However, as explained above, Plaintiff misconstrues the authority vested in magistrate judges. Judge Otazo-Reyes's order is not a report and recommendation that needed to be "adopted" by the district judge. This case was referred to Judge Otazo-Reyes "for a ruling on all pre-trial, non-dispositive motions[.]" (ECF No. 8). Defendant's Motion for Leave to Take Depositions is a pre-trial, non-dispositive motion, and as such, a ruling on such motion is entirely

within Judge Otazo-Reyes's authority pursuant to 28 U.S.C. § 636 and the Magistrate Judge Rules of the Southern District of Florida.

With that said, Plaintiff was required to comply with the Order. While Plaintiff was within his right to appeal the Order to the district judge, "[t]he district court's inaction on a party's motion for a protective order to postpone the taking of his deposition [did] not relieve [him] of [his] duty to appear for the deposition." *Kelly v. Old Dominion Freight Line, Inc.*, 376 Fed. App'x 909, 913 (S.D. Fla. 2010) (citing *Hepperle v. Johnston*, 590 F.2d 609, 613 (5th Cir. 1979)). Plaintiff displayed an utter disregard for this Court's Order. In fact, the record is replete with similar instances where Plaintiff has shown a complete disregard for both Judge Otazo-Reyes's and the undersigned's orders. As stressed by this Court, when the Court puts out orders, it expects parties to follow them and not simply ignore them. (*See, e.g.*, ECF No. 152, at 11:17–21). For these reasons, Plaintiff's Motion for Protective Order is denied.

### III.   CONCLUSION

Based on the foregoing, it is

**ORDERED AND AJUDGED** that:

1. "Plaintiff's Rule 72 Objections to DE # 125 Order Granting Defendant's Motion for Leave to Take Deposition, or in the Alternative, Motion to Vacate DE # 125," (ECF No. 129), is **DENIED** and the objections are **OVERRULED**.

2. "(1) Plaintiff's Motion for Protective Order; and (2) Plaintiff's Expedited Motion for Stay of Depositions Pending this Court's Ruling on DE 3 129 & Plaintiff's Motion for Protective Order," (ECF No. 130), is **DENIED**.

DONE AND ORDERED in Chambers at Miami, Florida, this 4th day of August, 2021.

_____
JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies provided to:
Magistrate Judge Otazo-Reyes
All Counsel of Record

4