UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case Number: 19-25148-CIV-MARTINEZ/OTAZO-REYES

BENZO RUDNIKAS,

    Plaintiff,

vs.

NOVA SOUTHEASTERN UNIVERSITY, INC.,

    Defendant.
_____/

## ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

THE MATTER was referred to the Honorable Alicia M. Otazo-Reyes, United States Magistrate Judge, for a Report and Recommendation Defendant's Renewed Motion for Sanctions, (ECF No. 95). Magistrate Judge Otazo-Reyes filed a Report and Recommendation ("R&R") recommending that the Motion be granted in part, (ECF No. 155). Both Plaintiff and Defendant have filed objections to the report and recommendation. (ECF Nos. 161, 163). The Court has conducted a *de novo* review of the record and finds as follows.

Defendant objects to the sanctions recommended by Judge Otazo-Reyes because it argues that the case should be dismissed given Plaintiff's conduct. The Court, however, finds that the sanctions recommended by Judge Otazo-Reyes are sufficient to deter Plaintiff from engaging in future misconduct.

On the other hand, Plaintiff objects on three different grounds. First, he argues that the record does not support that he acted in bad faith. Second, he contends that the R&R is premised on a violation of the Court's previous order adopting the report and recommendation denying sanctions, (ECF No. 93), which is itself erroneous and should be vacated. Finally, Plaintiff argues that the R&R should not be adopted based on the doctrine of unclean hands because Defendant allegedly violated the Court's extended discovery deadline.

Upon a *de novo* review of the record, the Court finds that the record indeed supports a

finding of bad faith. Absent direct evidence, bad faith can be shown with evidence of conduct "so egregious that it could only be committed in bad faith." *Purchasing Power, LLC v. Bluestem Brands, Inc.*, 851 F.3d 1218, 1224–25 (11th Cir. 2017). Both the undersigned and Judge Otazo-Reyes have admonished Plaintiff on numerous occasions for making unfounded accusations against Defendant and its counsel. (*See, e.g.*, ECF No. 39; ECF No. 93, at 1 n.1; ECF No. 91, at 6). Notwithstanding, Plaintiff continued engaging in the same misconduct via email, at deposition, and at the evidentiary hearing held by Judge Otazo-Reyes. As aptly pointed by Judge Otazo-Reyes, this continued misconduct and blatant disregard for the Court's admonitions is so egregious that it could only amount to bad faith.

Further, Plaintiff argues that the Court should not adopt this R&R because Judge Otazo-Reyes erred in her *previous* R&R on sanctions, (ECF No. 53). On August 20, 2020, Defendant filed its first motion for sanctions. On November 5, 2020, Judge Otazo-Reyes held a hearing on the matter. (ECF No. 84). On January 19, 2021, Judge Otazo-Reyes issued a report and recommendation recommending that the Court deny the motion for sanctions (January 19, 2021 R&R). (ECF No. 91). The objections to the report and recommendation were due on February 2, 2021. Plaintiff failed to file any objections within the objections period. On February 3, 2021, after reviewing the entire file and record, the Court issued an order adopting Judge Otazo-Reyes's report and recommendation in its entirety. (ECF No. 93). In that order, the Court "warn[ed] Plaintiff, through his counsel, that similar conduct like the one he has exhibited against Defendant and Defendant's counsel in the past will not be tolerated in the future and may lead to the imposition of sanctions." (ECF No. 93, at 1 n.1).

Plaintiff now asks this Court to vacate its order adopting the January 19, 2021 R&R, because he argues that Judge Otazo-Reyes failed to consider Plaintiff's response to the motion for sanctions and the Court should have never adopted it. Unfortunately, Plaintiff's objections to that R&R are too little too late and a request to vacate an unrelated order in his objections to the R&R at issue now is not the proper forum for his plea. Plaintiff had the opportunity to object to the R&R and chose not to do so. Nonetheless, when adopting Judge Otazo-Reyes's January 19, 2021 R&R, the Court reviewed the entire file and record, including Plaintiff's purported response to the

motion.  Plaintiff's "response" to the first motion for sanctions is buried in a 36-page document titled "Plaintiff's (1) Emergency Motion to Amend Scheduling Order (2) Motion for Default Judgment & Sanctions for Fraud on the Court (3) Motion to Disqualify Defendant's Counsel, Richard Arthur Beuachamp, Esq. [sic] & Benjamin Bean, Esq. & Motion for Referral to the Florida Bar (4) Emergency Motion for Stay of Discovery (5) Response to Defendant's Motion for Sanctions Filed 8/20/20."  Even assuming that the January 19, 2021 R&R did not consider this document as a response to the motion for sanctions, the Court reviewed the entire file and record when it adopted the report and recommendation and found it appropriate to adopt the report and recommendation.

Plaintiff last objects to the R&R invoking the doctrine of unclean hands.  In an email to Majid Vossoughi, Esq. dated February 3, 2021 ("the "February 3, 2021 Email"), Plaintiff says that Defendant's attorneys lied in a deposition, are engaging in unethical conduct that could get them disbarred, and are harassing third party witnesses.  (*See* ECF No. 140-1).  Plaintiff argues that the February 3, 2021 Email was merely a response to Defendant's email which violated the Court's discovery deadline and thus the doctrine of unclean hands applies because Defendant itself was engaging in misconduct. Unclean hands is an *equitable defense* that bars a claim of a party who has engaged in an "unconscionable act immediately related to the equity the party seeks in respect to the litigation."  *Regions Bank v. Old Jupiter, LLC*, No. 10-80188-CIV, 2010 WL 5148467, at *5 (S.D. Fla. Dec. 13, 2010).  The doctrine of unclean hands is inapplicable here.  Yet, even if it were applicable, Plaintiff cannot mask his misconduct—which permeates throughout this litigation—under Defendant's alleged violation of a discovery deadline.  Plaintiff's unfounded accusations of Defendant's counsel in an email to a witness are unacceptable, especially where the Court had already warned Plaintiff that this conduct could not continue, and that he would be subjected to sanctions if it did.  Plaintiff argues that he was never asked whether he knew of the Court's orders admonishing his conduct.  However, whether Plaintiff was advised of the Court's orders before he sent this email is of no consequence.  At the very least, it was his counsel's responsibility to instruct him that this conduct was inappropriate and sanctionable, and that the Court had issued an order warning him of the same.

For the reasons stated herein, it is:

**ADJUDGED** that United States Magistrate Judge Otazo-Reyes's Report and Recommendation, (ECF No. 155), is **AFFIRMED** and **ADOPTED** in its entirety.

It is further **ADJUDGED** that:

1. Defendant's Renewed Motion for Sanctions, (ECF No. 95) is **GRANTED in part**, as stated herein.

2. Plaintiff shall retract on the record the statements he made regarding Defendant and its counsel in (1) the email he sent to Mr. Majid Vossoughi (recipient of non-party subpoena) on February 3, 2021; (2) his testimony at his continued deposition on March 5, 2021; and (3) his testimony at the evidentiary hearing held before Judge Otazo-Reyes on June 29, 2021.

3. Plaintiff shall pay a $500.00 fine into the Court's registry.

4. Plaintiff shall refrain from engaging in similar conduct during the remainder of the litigation. Continued misconduct may result in this case being dismissed with prejudice.

DONE AND ORDERED in Chambers at Miami, Florida, this 19th day of August, 2021.

_____
JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies provided to:
Magistrate Judge Otazo-Reyes
All Counsel of Record